# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| AZARAX, INC.<br>as successor in interest to<br>to 14 BIZ HOLDINGS and<br>CONVEYCOMMUNICATIONS<br>S.A. de C.V.,<br>    *Plaintiff and Counterclaim*<br>    *Defendant*<br><br>v.<br><br><br>WIRELESS COMMUNICATIONS<br>VENTURE, LLC; STEVE KATKA;<br>CHERYL SCAPANSKI; WILLIAM<br>SYVERSON; CHRISTIAN<br>BORRMAN; ANTONIO GARZA;<br>STINSON LEONARD STREET<br>LLP; BENTON COOPERATIVE<br>TELEPHONE COMPANY;<br>CENTRAL LTE HOLDINGS LLC;<br>AND CENTRAL STEARNS<br>COMSIS, INC. D/B/A ALBANY<br>MUTUAL TELEPHONE<br>ASSOCIATION;<br>    *Defendants* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 16-cv-03228-JRT-LIB<br><br><u>DEFENDANTS<br>WIRELESS COMMUNICATIONS<br>VENTURE, LLC, BENTON<br>COOPERATIVE TELEPHONE<br>COMPANY, CENTRAL LTE<br>HOLDINGS, LLC, CENTRAL<br>STEARNS COMSIS, STEVE KATKA,<br>AND CHERYL SCAPANSKI'S FIRST<br>SET OF INTERROGATORIES</u> |

v.

NICOLAS BARRERA
    *Counterclaim Defendant.*

TO:    Plaintiff Azarax, Inc. and Counterclaim Defendant Nicolas Barrera and their counsel, Michael D. Sydow, 5020 Montrose Boulevard, Suite 450, Houston, TX 77006.

    PLEASE TAKE NOTICE that you are requested to furnish answers to the following Interrogatories within 30 days from the date of service hereof, pursuant to Rule

Exhibit 2

33 of the Federal Rules of Civil Procedure (the "Rules"). These Requests are continuing and require supplemental answers as provided by Rule 26(e).

## DEFINITIONS

1. "Plaintiff," means Plaintiff and each of its employees, agents, owners, members, representatives, attorneys, predecessors, and anyone acting under its control, whether directly or indirectly, including without limitation 14 Biz Holdings and Convey Communications S.A. de C.V.

2. "Counterclaim Defendant" means Nicolas Barrera and his employees, agents, representatives, attorneys, and anyone acting under his control, whether directly or indirectly.

3. "You" or "Your" means Plaintiff or Counterclaim Defendant and each of their employees, agents, owners, members, representatives, predecessors, attorneys, and anyone acting under their control, whether directly or indirectly, including without limitation 14 Biz Holdings and Convey Communications S.A. de C.V.

4. "Complaint" means the Amended Complaint (Dkt. 31) filed in the above-captioned case.

5. "Convey Mexico" means Convey Communications S.A. de C.V.

6. "AmRoam" means Convey Connects, LLC or AmRoam Holdings, LLC, and any other predecessor or successor.

7. "Nextel Mexico" means Nextel Communications de Mexico, and any successor.

8. "Nextel Agreement" means the contract between Convey Mexico and Nextel Mexico alleged in the Complaint, including at Paragraphs 11-13.

9. "Defendants" means Wireless Communications Venture, LLC, Benton Cooperative Telephone Company, Central LTE Holdings, LLC, Central Stearns Comsis, Steve Katka, and Cheryl Scapanski.

10. "WCV" means Wireless Communications Venture, LLC.

11. "Person" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public or private entity.

12. "Identify" means:

   a. In the case of an individual, state his/her full name, last known address, home and business telephone numbers, and present occupation or business affiliation.

   b. In the case of a person other than an individual, *e.g.*, a business entity, state its full name, its form of organization, the address of its principal place of business, and the telephone number of its principal place of business.

   c. In the case of a document, state the type of document or writing, its date, its subject, its author (or signer or signers as applicable), its addressees and recipients, and its present location by address and its custodian.

   d. In the case of a communication other than a written communication, identify each individual participating in or present during such communication and specify the date and duration of communication; state whether such communication took place in a face-to-face meeting or by means of telephone,

voicemail, or other mode of communication; and state the substance of such communication.

13. "Document" means all documents and electronically stored information within the scope of Rule 34.

14. "Communication" means the transmission of messages, information, or ideas by speech, writing, or electronic means, as well as the messages, information, or ideas so expressed or exchanged. For purposes of these requests, "communication" includes all documents evidencing communications, including, for example, emails, voicemails, text messages, minutes, agendas, and phone records.

15. "Describe" when used with respect to a communication, a meeting, an act, or conduct means to give, state, or identify the following:

    a.    the date of the communication, meeting, act, or conduct, where it took place, and the person or persons present;

    b.    if a communication or meeting, the words or substance of the communication or meeting, the person making the particular statement so listed, the mode of communication (*e.g.*, in writing, by telephone, in person, etc.), and the location of each of the participants;

    c.    if an act or conduct, the detail of the act or conduct being described and what each person participating in or observing such act or conduct did or observed;

    d.    "Date" means the exact day, month, and year if ascertainable; if not, the closest approximation that can be made thereto.

16.     "Refer" in all forms and "relate" in all forms mean, in addition to their customary and usual meanings, assess, comprise, concern, constitute, describe, discuss, embody, evidence, mention, reflect, or be in any other way connected with the matter being discussed.

## **INSTRUCTIONS**

The following Interrogatories are to be read, interpreted, and answered with reference to the following instructions, where applicable.

1.      These Interrogatories seek responses from Plaintiff and Counterclaim Defendant individually. Pursuant to Rule 33, Plaintiff's and Counterclaim Defendants' responses shall set forth the Interrogatory, and shall set forth the answer to the Interrogatory "fully in writing" and "signed under oath," or state with particularity the grounds for any objection. The response shall be signed by an officer or managing agent for Plaintiff as well as by Counterclaim Defendant.

2.      These Interrogatories request all responsive information available to you, either directly or through your agents, representatives, or attorneys.

3.      These Interrogatories are continuing in nature pursuant to Rule 26 and require timely supplementation if you obtain further responsive information or determine that your existing responses are inaccurate, inadequate, or incomplete.

4.      If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reason for your inability to answer the remainder and stating all information or knowledge you have concerning the answered portion. If your

answer is qualified in any particular way, set forth the exact nature and extent of the qualification.

5. If an objection is made to any Interrogatory herein, all information covered by the Interrogatory not subject to the objection should be provided.

## INTERROGATORIES

1. Identify all persons who answered or assisted in answering these Interrogatories, and identify the Interrogatories each person participated in answering.

2. Identify all bank accounts (by bank name and address, account number, and account holder) used by you or any entity owned or controlled by you at any time which accounts were used in connection with any payment (whether investment, loan, or otherwise) made by Defendants or any work or other activities performed using any payment made by Defendants.

3. Identify and itemize by amount, including the basis and method for your calculation, each category or item of damages that you seek to recover from Defendants, including in your answer a complete description of each item of damages and the identity of all documents used to support and/or calculate your alleged damages.

4. Identify all individuals at Iusacell Group with knowledge of Convey Mexico's alleged contract with Iusacell Group or WCV's $2 million payment relating to Iusacell Group, and describe the subject of each person's knowledge.

5. Describe all loans between any or all of you, AmRoam, Convey Mexico, or Convey Brazil, on the one hand, and any Defendant, on the other hand, and for each loan

6

state the original principal amount, the amounts of all repayments, and the amounts that remain outstanding.

6. Identify all persons with information supporting your allegations in Paragraph 22 of the Complaint that there was a "fully functional system" and/or your allegation in Paragraph 48 of the Complaint that you "had met all requirements and objectives under the agreement, and that Nextel Mexico was preparing to launch the technology and service in Mexico."

7. Identify all persons with knowledge relating to your marketing, branding, IP, sales, wireless carrier services, data center, inventory, fulfillment, distribution, and customer service to support sales and operations in the United States as alleged in Paragraph 14 in the Complaint, and state the subject of each person's knowledge.

8. Identify all persons with knowledge relating to your allegation in Paragraph 32 of the Complaint that "the Conspirators offered Garza a personal equity interest in a new entity, plus the CEO position with a lucrative salary if he would get Nextel to terminate its contract with Convey Mexico and contract instead with a new entity owned and/or controlled by Conspirators and their co-Conspirators."

9. Describe in detail how the $1.3 million paid by WCV for the purpose of purchasing SIM cards was spent, and identify all persons with knowledge relating to that expenditure.

10. Describe in detail how each of WCV's investments in or loans to AmRoam, Convey Mexico, Convey Brazil, and any entity owned, operated or controlled by You was spent, dispersed, or utilized, and identify all persons with knowledge about the same.

11. Identify all current and former officers, directors and shareholders or equity holders of Azarax, Inc., and state the time period during which they held those positions.

12. Identify all current and former officers, directors and shareholders or equity holders of Convey Mexico, and state the time period during which they held those positions.

13. Identify all current and former officers, directors and shareholders or equity holders of Convey Brazil, and state the time period during which they held those positions.

14. Describe in detail how Azarax, Inc. came to be the successor in interest to 14 Biz Holdings and Convey Communications S.A. de C.V., and identify all documents effectuating or relating to the transfer of any interest.

15. Describe in detail the business and operations of Azarax, Inc.

Dated: September 1, 2017.

FAEGRE BAKER DANIELS
*s/ Matthew B. Kilby*
Wendy J. Wildung (MN #117055)
Matthew B. Kilby (MN #0335083)
Staci L. Perdue (MN #0395216)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 766-7000
(612) 766-1600 (Fax)
Wendy.Wildung@FaegreBD.com
Matthew.Kilby@FagreBD.com
Staci.Perdue@FaegreBD.com

*Attorneys for Wireless Communications Venture, LLC; Steve Katka; Cheryl Scapanski; Benton Cooperative; Central LTE Holdings LLC; and Central Stearns Comsis, Inc.*

US.110241365.02

8