# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| AZARAX, INC.<br>as successor in interest to<br>to 14 BIZ HOLDINGS and CONVEY<br>COMMUNICATIONS S.A. de C.V., | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 16-cv-03228-<br>JRT-LIB |
| WIRELESS COMMUNICATIONS<br>VENTURE, LLC; STEVE KATKA;<br>CHERYL SCAPANSKI; WILLIAM<br>SYVERSON; CHRISTIAN<br>BORRMAN; ANTONIO GARZA;<br>STINSON LEONARD STREET LLP;<br>BENTON COOPERATIVE<br>TELEPHONE COMPANY;<br>CENTRAL LTE HOLDINGS LLC;<br>AND CENTRAL STEARNS<br>COMSIS, INC. D/B/A ALBANY<br>MUTUAL TELEPHONE<br>ASSOCIATION, | § § § § § § § § § § § § § § | **DEFENDANTS WILLIAM<br>SYVERSON AND STINSON<br>LEONARD STREET LLP'S FIRST<br>REQUESTS FOR ADMISSION,<br>FIRST SET OF<br>INTERROGATORIES, AND<br>SECOND REQUESTS FOR<br>PRODUCTION OF DOCUMENTS TO<br>AZARAX, INC.** |
| *Defendants and Counterclaim<br>Plaintiff,* | § § § | |
| v. | § § | |
| NICOLAS BARRERA, | § § | |
| *Counterclaim Defendant.* | § | |

TO:   Plaintiff Azarax, Inc. and its counsel, Paul Sortland and Michael D. Sydow, 431 S.
Seventh Street, Suite 2415, Minneapolis, MN 55415.


PLEASE TAKE NOTICE that Defendants William Syverson and Stinson Leonard

Street LLP (collectively, "Stinson Defendants") hereby request, pursuant to Rules 33, 34,

and 36 of the Federal Rules of Civil Procedure (the "Rules"), that you provide responses to the below Requests for Admission, Interrogatories, and Requests for Production of Documents, to the offices of Anthony Ostlund Baer & Louwagie P.A., 3600 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, within thirty (30) days from the date of service. These Requests and Interrogatories are continuing and require supplemental responses as provided by Rule 26(e).

## DEFINITIONS

1.     "You", "Your" or "Plaintiff," means Plaintiff Azarax, Inc. and each of its employees, agents, owners, members, representatives, attorneys, predecessors, and anyone acting under its control, whether directly or indirectly, including without limitation 14 Biz Holdings and, Convey Communications S.A. de C.V.

2.     "Counterclaim Defendant" means Nicolas Barrera and his employees, agents, representatives, attorneys, and anyone acting under his control, whether directly or indirectly.

3.     "Action" means the lawsuit filed by Plaintiff against Defendants, *Azarax, Inc. v. Wireless Comm. Venture, LLC, et al.*, 16-cv-3228 (JRT-LIB).

4.     "Complaint" means the Amended Complaint (Dkt. 31) filed in the above captioned case.

5.     "Convey Mexico" means Convey Communications S.A. de C.V.

6.     "AmRoam" means Convey Connects, LLC or AmRoam Holdings, LLC, and any other predecessor or successor entity.

7.     "Nextel Mexico" means Nextel Communications de Mexico, and any successor entity.

8.     "Nextel Agreement" means the contract between Convey Mexico and Nextel Mexico alleged in the Complaint, including at Paragraphs 11-13.

9.     "Stinson Defendants" means William Syverson ("Syverson") and Stinson Leonard Street, LLP ("SLS").

10.     "Syverson" means William Syverson, an attorney employed by Stinson Leonard Street LLP and defendant in this Action.

11.     "SLS" means Stinson Leonard Street LLP, a law firm and defendant in this Action.

12.     "WCV" means Wireless Communications Venture, LLC, a defendant in this Action.

13.     "Person" includes a natural person, firm, association, organization, Partnership, business, trust, corporation, or public or private entity.

14.     "Document" means the original, and if the original is unavailable, any copy of all handwritten, printed, typed, computer generated, recorded, graphic, or photographic material of any kind or character, as well as all tapes, disks, non-duplicate copies and transcripts thereof, now or formerly in the actual or constructive possession, custody or control of You or Your agents or representatives (including attorneys). Without limiting the generality of the foregoing definition, but for the purposes of illustration only, "document" includes notes, drafts, letters, correspondence, electronic mail, telegrams, faxes, memoranda, calendars, diaries, records, minutes, plans,

3

specifications, technical data, contracts, agreements, notations of conversations or conferences, interoffice communications, bulletins, circulars, pamphlets, studies, notices, summaries, reports, books, electronic data processing cards and tapes, teletyped messages, tape recordings, photographs, drawings, graphs, charts, tables, financial statements and records, invoices, worksheets, ledgers, vouchers, and electronic, mechanical, magnetic, optical or electric records or representations of any kind, including e-mail and metadata. The term "document" shall include the broadest possible interpretation of the term "document" as referred to in the Federal Rules of Civil Procedure.

15.   "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, including without limitation: correspondence, memoranda, notes, contracts, agreements, diaries, letters, telegrams, minutes, statements, inter-office and intra-office communications, notations of any sort of conversations, teletypes, telefax, and all drafts, alterations, modifications, changes and amendments to any of the foregoing, all computer e-mail and other computer-related exchanges, including, without limitation, exchanges from any and/or all of the following e-mail addresses: Nbr72@yahoo.com, nbarrera@conveycomms.mobi, nicolas@newcoretelecom.com, nicolas@conveycomms.com. "Communication" shall also mean all verbal communications, whether occurring in person, by telephone, by voicemail or by any other method when occurring in a meeting, conference or any other setting.

4

16. "Refer" in all forms and "relate" in all forms mean, in addition to their customary and usual meanings, assess, comprise, concern, constitute, describe, discuss, embody, evidence, mention, reflect, or be in any other way connected with the matter being discussed.

17. "All" shall mean "any" and vice versa.

18. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to make the requests inclusive rather than exclusive.

19. The term "identify," when used in these Requests and Interrogatories, has the following meanings:

    a. In each case where You are asked to identify a person who is an individual, or where Your answer refers to a person who is an individual, state with respect to each:

        i. Full name;

        ii. Last known residence or business address and phone number(s); and

        iii. Business affiliation and employer, business position, and job title during the relevant period.

    b. In each case where You are asked to identify a person who is not a natural person, state with respect to each:

        i. The nature of the entity (e.g., corporation, partnership, etc.);

        (1) The entity's full name and all trade names; and

        (2) The entity's last known address and telephone numbers.

    c. In each case where You are asked to identify a document or documents, state with respect to each:

        i. The person(s) who signed and prepared it;

     ii.   The date it bears or, if undated, the date it was written or created;

         (1)     The character or type of document;

         (2)     Its file number or other identifying mark or code;

         (3)     The person(s) to whom it was addressed or issued; and

         (4)     The identity of all persons who previously had or presently have custody of the original document and of all copies thereof.  If any such document was but is no longer in Your possession or subject to Your control, explain the circumstances surrounding the disposition thereof and the date such disposition occurred.

(d)    In each case where You are asked to identify an act, occurrence, conduct, or condition, state with respect to each:

     i.   The substance and nature of such act, occurrence, conduct or condition;

     ii.   The place and date of the act, occurrence, conduct or condition

     iii.   The identity of the persons involved and/or present at the time of the act, occurrence, conduct or condition; and

     iv.   All documents concerning the act, occurrence, conduct or condition.

20.   "Describe" when used in reference to a document or other written or oral communication, means to state the type of document or other communication, date made, persons involved in communication, present location or possession of document or written or other recorded evidence of communication, substance of matter contained in the document or other communication, including factual setting in which made, substantive content, and purpose for communication.  "Describe" or "describe in detail"

when used in reference to a factual situation or an allegation, means to state with particularity all facts known to You connected with, bearing upon, pertaining to or relating in any way to the matter of which inquiry is made, including the time of the factual situation, the participants in the factual situation and all documents generated in connection with the factual situation.

## GENERAL PROVISIONS AND INSTRUCTIONS

1.      The time period for these Requests and Interrogatories is from January 1, 2010 through the present date and continuing, unless otherwise noted.

2.      Without limiting the definition of "document" stated above, the documents requested must be produced from wherever they are located.

3.      If You know of the existence, past or present, of any document responsive to a document request but You are unable to describe or produce such document because it is not presently in Your possession, custody or control, please so state in Your response to such request, and identify such document and the individual(s) in whose possession, custody or control the document was last known to reside.  If such document no longer exists, state when, how and why such document ceased to exist.

4.      All documents produced in response to these document requests shall be produced in their entirety and in original form, notwithstanding the fact that portions thereof may contain information not requested, and shall include interim as well as final editions of a document, and shall include all additions or copies of a document which are not identical to (whether due to handwritten notations, or revisions, or otherwise) the original or other produced copy of a document.

5.      All documents existing in electronic form shall be produced in electronic form in a manner to preserve, without alteration or modification, all meta-data associated with the electronic document, including without limitation extracted text.

6.      These Requests and Interrogatories are continuing in nature and must be supplemented as required by the Federal Rules of Civil Procedure.

## CLAIMS OF PRIVILEGE

To the extent that any of the following Requests and/or Interrogatories call for information that you believe to be subject to a claim of privilege, produce all responsive information that is not subject to a claim of privilege and so much of any document subject to a claim that does not contain privileged information.  With respect to any information or document not produced because of a claim of privilege involving a communication with any non-party to this case, state in writing the basis for your claim of privilege as follows:

1.      The nature of the privilege claimed (e.g., attorney-client, work product, etc.);

2.      The name of any attorney with respect to whom the privilege is claimed;

3.      The basis for claiming the privilege as to the specific information or document involved;

4.      The author, addressee, persons to whom copies were furnished, and date, together with a description of the subject matter of each such document;

5.      The current custodian of each copy of the document; and

6.      The number of pages, attachments, and appendixes of the document.

## REQUESTS FOR ADMISSION

1.    Admit that neither SLS nor Syverson entered into a written agreement with Plaintiff, 14 Biz Holdings or Convey Mexico stating, in substance, that SLS or Syverson would serve as the attorney for Plaintiff, 14 Biz Holdings or Convey Mexico.

2.    Admit that Plaintiff never received from SLS or Syverson any invoices for services identifying Plaintiff, 14 Biz Holdings or Convey Mexico as a client of SLS or Syverson.

3.    Admit that 14 Biz Holdings never received from Stinson or Syverson any invoices for services identifying Plaintiff, 14 Biz Holdings or Convey Mexico as a client of SLS or Syverson.

4.    Admit that Convey Mexico never received from SLS or Syverson any invoices for services identifying Plaintiff, 14 Biz Holdings or Convey Mexico as a client of SLS or Syverson.

## INTERROGATORIES

1.    To the extent that Your answer to any Request in the Stinson Defendants' First Requests for Admission is anything other than an unqualified "admit," describe in detail the basis for Your qualified answer and identify all documents relevant to that description.

## REQUESTS FOR PRODUCTION

1.    All Documents or Communications referred to, reviewed in connection with, or identified in Your answer to Interrogatory No. 1 of the Stinson Defendants' First Set of Interrogatories.

Dated:  October 4, 2017

**ANTHONY OSTLUND BAER &
LOUWAGIE P.A.**

By:  _s/ Brooke D. Anthony_
      Joseph W. Anthony (#0002872)
      janthony@anthonyostlund.com
      Brooke D. Anthony (#0387559)
      banthony@anthonyostlund.com
90 South Seventh Street
3600 Wells Fargo Center
Minneapolis, MN 55402
Telephone: (612) 349-6969
Facsimile: (612) 349-6996

**ATTORNEYS FOR DEFENDANTS
WILLIAM SYVERSON AND
STINSON LEONARD STREET LLP**

10

# EXHIBIT 2

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AZARAX, INC., as successor in interest to 14 BIZ HOLDINGS and CONVEYCOMMUNICATIONS S.A. de C.V., | Case No. 16-CV-03228 (JRT/LIB) |
| Plaintiff and Counterclaim Defendant | |
| v. | |
| WIRELESS COMMUNICATIONS VENTURE, LLC; et al, | |
| Defendants and Counterclaim Plaintiff, | |
| v. | |
| NICOLAS BARRERA, | |
| Counterclaim Defendant. | |

**RESPONSES OF PLAINTIFF AZARAX, INC., TO REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS FROM STINSON LEONARD STREET, ET AL.**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, Azarax, Inc., serves these objections and responses to Defendants William Syverson and Stinson Leonard Street, LLP's First Requests for Admission, First Set of Interrogatories, and Second Requests for Production of Documents.

## OBJECTIONS

1.      Plaintiffs object to the "Definitions" preceding the Requests to the extent they seek to broaden the meaning of legal terms given a specific definition or meaning by rule, statute, or case law construing either.

2.      Plaintiffs object to the "Instructions" to the extent they seek to impose obligations upon Plaintiffs greater than those imposed by rule, statute, or case law construing either.

3.      Plaintiffs object to the definitions and instructions to the extent they require production of any email or document created by a third party in native format on the ground that Plaintiffs lack the software and/or infrastructure to economically download and produce such documents in the format requested and state that they will produce such documents either in hard copy or in PDF format.

4.      Plaintiffs object to the instructions provided under the heading "Claims of Privilege" to the extent they seek to broaden the meaning of legal terms given a specific definition or meaning by rule, statute, or case law construing either and/or to the extent they seek to impose obligations upon Plaintiffs greater than those imposed by rule, statute, or case law construing either.

## REQUESTS FOR ADMISSION

1.      Admit that neither SLS nor Syverson entered into a written agreement with Plaintiff, 14 Biz Holdings or Convey Mexico stating, in substance, that SLS or Syverson would serve as the attorney for Plaintiff, 14 Biz Holdings, or Convey Mexico.

**RESPONSE:**  Plaintiff admits there was no formal retainer/legal representation

agreement with SLS or Syverson. SLS and Syverson's representation of Plaintiff was communicated to Plaintiff verbally, via overt actions, and stated in emails.

2.    Admit that Plaintiff never received from SLS or Syverson any invoices for services identifying Plaintiff, 14 Biz holdings or Convey Mexico as a client of SLS or Syverson.

**RESPONSE:** Admit.

3.    Admit that 14 Biz Holdings never received from Stinson or Syverson any invoices for services identifying Plaintiff, 14 Biz Holdings or Convey Mexico as a client of SLS or Syverson.

**RESPONSE:** Admit.

4.    Admit that Convey Mexico never received from SLS or Syverson any invoices for services identifying Plaintiff, 14 Biz Holdings or Convey Mexico as a client of SLS or Syverson.

**RESPONSE:** Admit.

## INTERROGATORIES

1.    To the extent that Your answer to any Request in the Stinson Defendants' First Requests for Admission is anything other than an unqualified "admit," describe in detail the basis for Your qualified answer and identify all documents relevant to that description.

**ANSWER:** SLS and Syverson's representation of Convey Mexico was communicated to Plaintiff and Convey Mexico verbally, via overt actions, and stated in emails. See attached documents and documents previously provided to Defendants.

## REQUESTS FOR PRODUCTION

1.      All Documents or Communications referred to, reviewed in connection with,

or identified in Your answer to Interrogatory No. 1 of the Stinson Defendants'

First Set of Interrogatories.

**RESPONSE:** See attached documents and documents previously provided to

Defendants.

STATE OF WASHINGTON )
                                          )ss.
COUNTY OF KING            )

        Guy B. Rosbrook, being first duly sworn under oath, deposes and states that I
am  the Plaintiff in this action, and that I have read the foregoing Responses to
Requests for Admissions, Interrogatories and Request for Production of Documents,
and know the contents thereof, and that the same is true and according to my own
knowledge expect as to those matters stated on information and belief, and as to
those matters, believe them to be true. I declare under penalty of perjury that
everything I have stated in this document is true and correct.

Dated this ⟋st day of November, 2017.

                                                          Guy B. Rosbrook
Guy B. Rosbrook

Dated this 3 day of November, 2017.

s/ Paul A. Sortland

**Paul A. Sortland (#103573)**
**SORTLAND LAW OFFICE, PLLC**
431 South Seventh Street, Suite 2415
Minneapolis, Minnesota 55415
(612) 375-0400
sortland@sortland.com

**and**

**Michael D. Sydow**
**THE SYDOW FIRM**
Texas Bar No. 19592000
michael.sydow@thesydowfirm.com
5020 Montrose Boulevard, Suite 450
Houston, Texas 77006
(713) 622-9700 [Telephone]
(713) 552-1949 [Telecopier]

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 3

# AnthonyOstlund
## B A E R  &  L O U W A G I E

December 8, 2017                                          **Brooke D. Anthony**
                                                         banthony@anthonyostlund.com

**VIA-EMAIL**
Michael Sydow, Esq.                              Paul Sortland, Esq.
5020 Montrose Boulevard, Suite 450               Sortland Law Office
Houston, TX 77006                                431 South Seventh Street, Suite 2415
michael.sydow@thesydowfirm.com                   Minneapolis, MN 55415
                                                 sortland@sortland.com

Re:    *Azarax, Inc. v. Wireless Communications Venture, LLC, et al.*
       Civil Court No.: 16-cv-03228 (JRT/LIB)

Dear Counsel:

I write concerning Plaintiff's answers to Defendants Stinson Leonard Street LLP and William
Syverson's (collectively "SLS") Requests for Admission, Interrogatories and Requests for Production,
served on October 4, 2017.

More specifically, Plaintiff's answers to Request for Admission No. 1 and Interrogatory No. 1 are not
compliant with the Federal Rules of Civil Procedure, and in any event are incomplete and insufficient.
Plaintiff's production in response to SLS's Requests for Production is likewise not compliant with the
Rules, nor is it in the format requested by SLS or required by the Rules.

**Request for Admission No. 1.**

Request for Admission No. 1 asked Plaintiff to:

>       Admit that neither SLS nor Syverson entered into a written agreement
>       with Plaintiff, 14 Biz Holdings or Convey Mexico stating, in substance,
>       that SLS or Syverson would serve as the attorney for Plaintiff, 14 Biz
>       Holdings or Convey Mexico.

Plaintiff answered:

>       Plaintiff admits there was no formal retainer/legal representation
>       agreement with SLS or Syverson.  SLS and Syverson's representation of
>       Plaintiff was communicated to Plaintiff verbally via overt actions and
>       stated in emails.

Plaintiff's qualified admission is inappropriate.  Rule 36 requires that any matter not admitted must be
specifically denied or the answering party must "state in detail why the answering party cannot
truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  Plaintiff has not denied the matter but has

Michael Sydow, Esq.
Paul Sortland, Esq.
December 8, 2017
Page 2

qualified its answer and has also asserted facts to confuse the answer such that it is impossible to tell whether Plaintiff admits or denies the request. Please amend Plaintiff's answer to conform to the requirements of Rule 36 no later than December 15, 2017.

**Interrogatory No. 1**

Interrogatory No. 1 sought:

> To the extent that Your answer to any Request in the Stinson Defendants' First Requests for Admission is anything other than an unqualified "admit," describe in detail the basis for Your qualified answer and identify all documents relevant to that description.

Plaintiff answered:

> SLS and Syverson's representation of Convey Mexico was communicated to Plaintiff and Convey Mexico verbally, via overt actions, and stated in emails. See attached documents and documents previously provided to Defendants.

Again, Plaintiff's answer is not compliant with the Rules, nor is it a valid response to Interrogatory No. 1. First, Plaintiff has not identified a single "verbal[]" communication or "overt action" on which its answer to Request for Admission No. 1 relied. Further, to the extent Plaintiff intended to refer to documents as permitted by Rule 33(d), Plaintiff failed to properly specify the records that must be reviewed. Instead, Plaintiff referred to an attached set of documents that appear to have been kept in hard copy form – many of which are not emails and none of which bear Bates numbers – and thousands of documents previously produced by Plaintiff. That is not sufficient to meet the requirements of Rule 33(d).

Moreover, Plaintiff's answer to Interrogatory No. 1 is inconsistent with its answer to Request for Admission No. 1. In its answer to Request for Admission No. 1, Plaintiff answered that the "representation of *Plaintiff* was communicated to *Plaintiff* verbally, through overt actions, and stated in emails." Plaintiff's answer to Interrogatory No. 1 indicated that the "representation of *Convey Mexico* was communicated to *Plaintiff and Convey Mexico* verbally, via overt actions and stated in emails."

No later than December 15, please amend Plaintiff's answer to Interrogatory No. 1 to clarify who, specifically, was represented and to specifically identify the "verbal[]" communications, "overt actions" and "emails" through which Plaintiff contends the representation of either Convey Mexico or Plaintiff "was communicated," including without limitation, who was involved in the communication, when it took place, and the substance of the communication. To the extent that Plaintiff intends to invoke Rule 33(d), please amend Plaintiff's answer to provide the specificity required by the Rule.

Michael Sydow, Esq.
Paul Sortland, Esq.
December 8, 2017
Page 3

**Second Set of Requests For Production of Documents No. 1**

Request for Production No. 1 of SLS's Second Set of Requests For Production sought:

> All Documents or Communications referred to, reviewed in connection
> with, or identified in Your answer to Interrogatory No. 1 of the Stinson
> Defendants' First Set of Interrogatories.

Plaintiff responded by producing a stack of non-Bates-numbered documents and directing SLS to the
thousands of documents Plaintiff previously produced.  Plaintiff's production does not fairly respond
to the Request, because many of the documents are not "emails" as referenced in Plaintiff's answers to
Request for Admission No. 1 and Interrogatory No 1, and because of the format in which the
documents were produced.  The documents were requested and were required to be produced in the
manner in which they are kept.  Fed. R. Civ. P. 34(b)(2)(E).  Many of these documents are emails and
other electronically stored information that should have been produced as such.  As produced, it is
impossible even to tell if they are duplicates or new documents. In addition, it is unclear from
Plaintiff's response whether all documents responsive to this Request have been produced.  Please
produce the documents in the correct format and confirm that no additional documents remain to be
produced no later than December 15, 2017.

If Plaintiff is unwilling to amend and supplement its answers to the above-referenced discovery
requests as necessary by December 15, please let me know immediately.  If you would like to discuss
these issues, I am generally available for a meet and confer today and early next week.

Very truly yours,

ANTHONY OSTLUND
BAER & LOUWAGIE P.A.

Brooke D. Anthony

BDA/gw

cc:    Matthew Kilby (via email at matthew.kilby@faegrebd.com)
       Staci Perdue (via email at staci.perdue@faegrebd.com)

# EXHIBIT 4

# SORTLAND LAW OFFICE, PLLC

### 431 SOUTH SEVENTH STREET, SUITE 2415

**Minneapolis, Minnesota 55415**

TELEPHONE  (612) 375-0400
FACSIMILE    (612) 375-0404

**PAUL A. SORTLAND**                                    **Certified Civil Trial Specialist by MSBA**
**ATTORNEY AT LAW**                                 **Admitted in Minnesota and North Dakota**
e-mail: sortland@sortland.com                                          www.sortland.com

December 14, 2017

Mr. Matthew Kilby
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Via E-mail Only: Matthew.Kilby@FaegreBD.com

Mr. Norman H. Pentelovitch
Anthony Ostlund Baer & Louwagie
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Via E-mail Only: npentelovitch@anthonyostlund.com

Re:     Azarax, Inc. v. Wireless Communications Venture, et al.

Dear Counsel:

This letter will confirm a telephone conversation I had on Monday of this week. Mr. Rosbrook
is available for depositions any time in February. I suggested February 6, 7, or 8.

Counsel
December 14, 2017
Page 2

I also discussed with Mr. Kilby the other depositions we wish to take of Cheryl Scapanski, Steve Katka, William Syverson, and other representatives of the defendants. The other days we have available in February would be 12, 20, and 21. While I would like to do these depositions earlier, rather than later, we also have March 6-9, and 12-16 available.

I look forward to hearing from you.

Yours very truly,

*Paul A. Sortland*

Paul A. Sortland

PAS/hjn

cc:     Mr. Guy Rosbrook (Via E-mail Only)
        Mr. Michael Sydow (Via E-mail Only)
        Ms. Amber Kaiser (Via E-mail Only)

# EXHIBIT 5

**From:** Brooke D. Anthony
**Sent:** Friday, December 15, 2017 2:59 PM
**To:** 'michael.sydow@thesydowfirm.com'; 'sortland@sortland.com'
**Cc:** 'Kilby, Matthew'; Perdue, Staci L.; Norm Pentelovitch
**Subject:** FW: Azarax v. WCV, et al.: Discovery correspondence
**Attachments:** 2017.12.8 Ltr from Anthony to Sydow re deficient discovery responses.pdf

Counsel,

We have not received a response to the attached.   Please confirm that Plaintiff will amend and supplement its answers to discovery and provide a date in the next couple of weeks by which Plaintiff will do so.  If Plaintiff is not willing to supplement and amend as necessary, please let me know when you are available for a meet and confer next week.

Regards,
Brooke

AnthonyOstlund
BAER & LOUWAGIE

**Brooke Anthony** | Attorney, Shareholder
**Anthony Ostlund Baer & Louwagie P.A.**
90 South 7th Street, Suite 3600 | Minneapolis, MN 55402
P 612.349.6969 | D 612.492.8214 | F 612.349.6996

website | bio | my LinkedIn | vCard | map | email  

Assisted by: Geri Wilkie | gwilkie@anthonyostlund.com

This email may contain confidential and/or private information.
If you received this email in error please delete and notify sender.

**From:** Norm Pentelovitch
**Sent:** Friday, December 08, 2017 11:00 AM
**To:** 'Michael Sydow' <michael.sydow@thesydowfirm.com>; 'Paul Sortland' <sortland@SORTLAND.COM>
**Cc:** Brooke D. Anthony <BAnthony@anthonyostlund.com>; 'Kilby, Matthew' <Matthew.Kilby@FaegreBD.com>; Perdue, Staci L. <Staci.Perdue@FaegreBD.com>
**Subject:** Azarax v. WCV, et al.: Discovery correspondence

Counsel,

Attached please find correspondence from Brooke Anthony regarding Plaintiff's November 3, 2017 responses to the SLS Defendants' First Requests for Admission, First Set of Interrogatories, and Second Requests for Production of Documents.

Best,

Norm

**Norman H. Pentelovitch** | Attorney, Associate

**Anthony Ostlund Baer & Louwagie P.A.**
90 South 7th Street, Suite 3600 | Minneapolis, MN 55402
P 612.349.6969 | D 612.492.8255 | F 612.349.6996

**website | vCard | map | email**

Assisted by: Julie M. Blakeley | 612-349-6969 | jblakeley@anthonyostlund.com

This email may contain confidential and/or private information.
If you received this email in error please delete and notify sender.

# AnthonyOstlund
## B A E R  &  L O U W A G I E

December 8, 2017

**Brooke D. Anthony**
banthony@anthonyostlund.com

**VIA-EMAIL**
Michael Sydow, Esq.
5020 Montrose Boulevard, Suite 450
Houston, TX 77006
michael.sydow@thesydowfirm.com

Paul Sortland, Esq.
Sortland Law Office
431 South Seventh Street, Suite 2415
Minneapolis, MN 55415
sortland@sortland.com

Re:   *Azarax, Inc. v. Wireless Communications Venture, LLC, et al.*
       Civil Court No.: 16-cv-03228 (JRT/LIB)

Dear Counsel:

I write concerning Plaintiff's answers to Defendants Stinson Leonard Street LLP and William Syverson's (collectively "SLS") Requests for Admission, Interrogatories and Requests for Production, served on October 4, 2017.

More specifically, Plaintiff's answers to Request for Admission No. 1 and Interrogatory No. 1 are not compliant with the Federal Rules of Civil Procedure, and in any event are incomplete and insufficient. Plaintiff's production in response to SLS's Requests for Production is likewise not compliant with the Rules, nor is it in the format requested by SLS or required by the Rules.

**Request for Admission No. 1.**

Request for Admission No. 1 asked Plaintiff to:

> Admit that neither SLS nor Syverson entered into a written agreement
> with Plaintiff, 14 Biz Holdings or Convey Mexico stating, in substance,
> that SLS or Syverson would serve as the attorney for Plaintiff, 14 Biz
> Holdings or Convey Mexico.

Plaintiff answered:

> Plaintiff admits there was no formal retainer/legal representation
> agreement with SLS or Syverson.  SLS and Syverson's representation of
> Plaintiff was communicated to Plaintiff verbally via overt actions and
> stated in emails.

Plaintiff's qualified admission is inappropriate.  Rule 36 requires that any matter not admitted must be specifically denied or the answering party must "state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4).  Plaintiff has not denied the matter but has

Michael Sydow, Esq.
Paul Sortland, Esq.
December 8, 2017
Page 2

qualified its answer and has also asserted facts to confuse the answer such that it is impossible to tell whether Plaintiff admits or denies the request. Please amend Plaintiff's answer to conform to the requirements of Rule 36 no later than December 15, 2017.

## Interrogatory No. 1

Interrogatory No. 1 sought:

> To the extent that Your answer to any Request in the Stinson Defendants' First Requests for Admission is anything other than an unqualified "admit," describe in detail the basis for Your qualified answer and identify all documents relevant to that description.

Plaintiff answered:

> SLS and Syverson's representation of Convey Mexico was communicated to Plaintiff and Convey Mexico verbally, via overt actions, and stated in emails. See attached documents and documents previously provided to Defendants.

Again, Plaintiff's answer is not compliant with the Rules, nor is it a valid response to Interrogatory No. 1. First, Plaintiff has not identified a single "verbal[]" communication or "overt action" on which its answer to Request for Admission No. 1 relied. Further, to the extent Plaintiff intended to refer to documents as permitted by Rule 33(d), Plaintiff failed to properly specify the records that must be reviewed. Instead, Plaintiff referred to an attached set of documents that appear to have been kept in hard copy form – many of which are not emails and none of which bear Bates numbers – and thousands of documents previously produced by Plaintiff. That is not sufficient to meet the requirements of Rule 33(d).

Moreover, Plaintiff's answer to Interrogatory No. 1 is inconsistent with its answer to Request for Admission No. 1. In its answer to Request for Admission No. 1, Plaintiff answered that the "representation of *Plaintiff* was communicated to *Plaintiff* verbally, through overt actions, and stated in emails." Plaintiff's answer to Interrogatory No. 1 indicated that the "representation of *Convey Mexico* was communicated to *Plaintiff and Convey Mexico* verbally, via overt actions and stated in emails."

No later than December 15, please amend Plaintiff's answer to Interrogatory No. 1 to clarify who, specifically, was represented and to specifically identify the "verbal[]" communications, "overt actions" and "emails" through which Plaintiff contends the representation of either Convey Mexico or Plaintiff "was communicated," including without limitation, who was involved in the communication, when it took place, and the substance of the communication. To the extent that Plaintiff intends to invoke Rule 33(d), please amend Plaintiff's answer to provide the specificity required by the Rule.

AnthonyOstlund    |    **www.anthonyostlund.com**

Michael Sydow, Esq.
Paul Sortland, Esq.
December 8, 2017
Page 3

**Second Set of Requests For Production of Documents No. 1**

Request for Production No. 1 of SLS's Second Set of Requests For Production sought:

> All Documents or Communications referred to, reviewed in connection
> with, or identified in Your answer to Interrogatory No. 1 of the Stinson
> Defendants' First Set of Interrogatories.

Plaintiff responded by producing a stack of non-Bates-numbered documents and directing SLS to the
thousands of documents Plaintiff previously produced. Plaintiff's production does not fairly respond
to the Request, because many of the documents are not "emails" as referenced in Plaintiff's answers to
Request for Admission No. 1 and Interrogatory No 1, and because of the format in which the
documents were produced. The documents were requested and were required to be produced in the
manner in which they are kept. Fed. R. Civ. P. 34(b)(2)(E). Many of these documents are emails and
other electronically stored information that should have been produced as such. As produced, it is
impossible even to tell if they are duplicates or new documents. In addition, it is unclear from
Plaintiff's response whether all documents responsive to this Request have been produced. Please
produce the documents in the correct format and confirm that no additional documents remain to be
produced no later than December 15, 2017.

If Plaintiff is unwilling to amend and supplement its answers to the above-referenced discovery
requests as necessary by December 15, please let me know immediately. If you would like to discuss
these issues, I am generally available for a meet and confer today and early next week.

Very truly yours,

ANTHONY OSTLUND
BAER & LOUWAGIE P.A.

Brooke D. Anthony

BDA/gw

cc:     Matthew Kilby (via email at matthew.kilby@faegrebd.com)
        Staci Perdue (via email at staci.perdue@faegrebd.com)

AnthonyOstlund   |   **www.anthonyostlund.com**

# EXHIBIT 6

# SORTLAND LAW OFFICE, PLLC

**431 SOUTH SEVENTH STREET, SUITE 2415**
**Minneapolis, Minnesota 55415**

TELEPHONE  (612) 375-0400
FACSIMILE    (612) 375-0404

**PAUL A. SORTLAND**                                **Certified Civil Trial Specialist by MSBA**
**ATTORNEY AT LAW**                              **Admitted in Minnesota and North Dakota**
**e-mail: sortland@sortland.com**                              **www.sortland.com**

December 26, 2017

Mr. Matthew Kilby
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Via E-mail and U.S. Mail: Matthew.Kilby@FaegreBD.com

Ms. Brooke Anthony
Anthony Ostlund Baer & Louwagie
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Via E-mail and U.S. Mail: banthony@anthonyostlund.com

Re:     Azarax, Inc. v. Wireless Communications Venture, et al.

Dear Counsel:

Enclosed with this letter you will find the following discovery:

      a.     Request for Production of Documents from Plaintiff to Wireless
            Communications Venture Defendants (Set I).

Counsel
December 26, 2017
Page 2

      b.     Interrogatories from Plaintiff to Defendants (Set II).

      c.     Requests for Production of Documents from Plaintiff to Defendants (Set II).

Yours very truly,



Paul A. Sortland

PAS/hjn

Enclosures

cc:    Ms. Staci L. Perdue (Via E-mail Only: Staci.Perdue@FaegreBD.com)
      Mr. Norman H. Pentelovitch (Via E-mail Only: npentelovitch@anthonyostlund.com)
      Mr. Guy Rosbrook (Via E-mail Only)
      Mr. Michael Sydow (Via E-mail Only)
      Ms. Amber Kaiser (Via E-mail Only)

# EXHIBIT 7

# SORTLAND LAW OFFICE, PLLC
## 431 SOUTH SEVENTH STREET, SUITE 2415
## Minneapolis, Minnesota 55415

TELEPHONE  (612) 375-0400
FACSIMILE    (612) 375-0404

**PAUL A. SORTLAND**                                  **Certified Civil Trial Specialist by MSBA**
**ATTORNEY AT LAW**                               **Admitted in Minnesota and North Dakota**
 e-mail: sortland@sortland.com                                        **www.sortland.com**

December 26, 2017

Mr. Matthew Kilby
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Via E-mail Only: Matthew.Kilby@FaegreBD.com

Ms. Brooke Anthony
Anthony Ostlund Baer & Louwagie
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Via E-mail Only: banthony@anthonyostlund.com

Re:    Azarax, Inc. v. Wireless Communications Venture, et al.

Dear Counsel:

I see I have not received a response to my letter of December 14, 2017, indicating that Mr.
Rosbrook is not available for depositions in January. I gave you specific dates in February and
March. We also need to take depositions from significant Defendants during that time period.

Counsel
December 26, 2017
Page 2

Please let me know when we can schedule these depositions. I look forward to hearing from you.

Yours very truly,

*Paul A. Sortland*

Paul A. Sortland

PAS/hjn

cc:   Ms. Staci L. Perdue (Via E-mail Only: Staci.Perdue@FaegreBD.com)
      Mr. Norman H. Pentelovitch (Via E-mail Only: npentelovitch@anthonyostlund.com)
      Mr. Guy Rosbrook (Via E-mail Only)
      Mr. Michael Sydow (Via E-mail Only)
      Ms. Amber Kaiser (Via E-mail Only)

# EXHIBIT 8

# SORTLAND LAW OFFICE, PLLC

**431 SOUTH SEVENTH STREET, SUITE 2415**
**Minneapolis, Minnesota 55415**

TELEPHONE (612) 375-0400
FACSIMILE (612) 375-0404

**PAUL A. SORTLAND**                                    Certified Civil Trial Specialist by MSBA
**ATTORNEY AT LAW**                                    Admitted in Minnesota and North Dakota
 e-mail: sortland@sortland.com                                         www.sortland.com


January 3, 2018



Mr. Matthew Kilby
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Via E-mail and U.S. Mail: Matthew.Kilby@FaegreBD.com

Ms. Brooke Anthony
Anthony Ostlund Baer & Louwagie
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Via E-mail and U.S. Mail: banthony@anthonyostlund.com

Re:     Azarax, Inc. v. Wireless Communications Venture, et al.

Dear Counsel:

I have not heard from you regarding the dates for your witnesses' depositions since my correspondence of December 14. As we are all in agreement that we need to get moving on discovery on this case, I am enclosing the notices of deposition for the following:

Counsel
January 3, 2018
Page 2

       a.     Cheryl Scapanski, February 6, 2018, 9:00 a.m.
       b.     Dan Lieser, February 7, 2018, 9:00 a.m.
       c.     Steve Katka, February 21, 2018, 9:00 a.m.
       d.     William Syverson, March 6, 2018, 9:00 a.m.

If you have any questions, please let me know.

Yours very truly,



Paul A. Sortland

PAS/hjn

Enclosures

cc:    Ms. Staci L. Perdue (Via E-mail Only: Staci.Perdue@FaegreBD.com)
       Mr. Norman H. Pentelovitch (Via E-mail Only: npentelovitch@anthonyostlund.com)
       Mr. Guy Rosbrook (Via E-mail Only)
       Mr. Arturo Barbosa (Via E-mail Only)
       Mr. Michael Sydow (Via E-mail Only)
       Ms. Amber Kaiser (Via E-mail Only)

# EXHIBIT 9

# SORTLAND LAW OFFICE, PLLC

**431 SOUTH SEVENTH STREET, SUITE 2415**
**Minneapolis, Minnesota 55415**

TELEPHONE   (612) 375-0400
FACSIMILE    (612) 375-0404

**PAUL A. SORTLAND**                                          Certified Civil Trial Specialist by MSBA
**ATTORNEY AT LAW**                                          Admitted in Minnesota and North Dakota
 e-mail: sortland@sortland.com                                          www.sortland.com


January 3, 2018



Mr. Matthew Kilby
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

Via E-mail and U.S. Mail: Matthew.Kilby@FaegreBD.com

Ms. Brooke Anthony
Anthony Ostlund Baer & Louwagie
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Via E-mail and U.S. Mail: banthony@anthonyostlund.com

Re:      Azarax, Inc. v. Wireless Communications Venture, et al.

Dear Counsel:

Pursuant to the Scheduling Order entered in this matter, you will find Plaintiff's Notification of Expert Witnesses.

We have disclosed the following expert witnesses:

Counsel
January 3, 2018
Page 2

      a.     Phillip Cole (previously disclosed to you);

      b.     Nati Avner, Wichita Falls, TX;

      c.     Ernesto Di Marco, Catania, Italy;

      d.     Jeffrey Johnston, BDO Consulting, Minneapolis, MN; and

      e.     Achilles Rupf, Mels, Switzerland.

CVs are attached for each witness. If you have any questions, please let me know. Thank you.

If you have any questions, please let me know.

Yours very truly,



Paul A. Sortland

PAS/hjn

Enclosures

cc:    Ms. Staci L. Perdue (Via E-mail Only: Staci.Perdue@FaegreBD.com)
       Mr. Norman H. Pentelovitch (Via E-mail Only: npentelovitch@anthonyostlund.com)
       Mr. Guy Rosbrook (Via E-mail Only)
       Mr. Michael Sydow (Via E-mail Only)
       Ms. Amber Kaiser (Via E-mail Only)

# EXHIBIT 10

**From:** Brooke D. Anthony
**Sent:** Tuesday, January 09, 2018 10:18 AM
**To:** 'michael.sydow@thesydowfirm.com'; 'sortland@sortland.com'
**Cc:** 'Kilby, Matthew'; 'Perdue, Staci L.'; Norm Pentelovitch
**Subject:** RE: Azarax v. WCV, et al.: Discovery correspondence
**Attachments:** 2017.12.8 Ltr from Anthony to Sydow re deficient discovery responses.pdf

Counsel,

It has been a month since my first request for a meet and confer with the Plaintiff on these issues. I followed up again on December 15. I have yet to receive a response of any kind to either inquiry. Unfortunately, I have no choice but to conclude that Plaintiff is refusing to amend or supplement as required and is refusing to meet and confer.

Stinson Leonard Street and Bill Syverson (the "SLS Defendants") have secured February 6, 2018 at 1:30pm for their motion to compel. If Plaintiff changes its mind and becomes willing to meet and confer before the SLS Defendants file their motion, please let me know.

Regards,
Brooke



**Brooke Anthony**  Attorney, Shareholder
**Anthony Ostlund Baer & Louwagie P.A.**
90 South 7th Street, Suite 3600 | Minneapolis, MN 55402
P 612.349.6969 | D 612.492.8214 | F 612.349.6996

website | bio | my LinkedIn | vCard | map | email

Assisted by: Geri Wilkie | gwilkie@anthonyostlund.com

This email may contain confidential and/or private information.
If you received this email in error please delete and notify sender.

**From:** Brooke D. Anthony
**Sent:** Friday, December 15, 2017 2:59 PM
**To:** 'michael.sydow@thesydowfirm.com' ; 'sortland@sortland.com'
**Cc:** 'Kilby, Matthew' ; Perdue, Staci L. ; Norm Pentelovitch
**Subject:** FW: Azarax v. WCV, et al.: Discovery correspondence

Counsel,

We have not received a response to the attached. Please confirm that Plaintiff will amend and supplement its answers to discovery and provide a date in the next couple of weeks by which Plaintiff will do so. If Plaintiff is not willing to supplement and amend as necessary, please let me know when you are available for a meet and confer next week.

Regards,
Brooke



**Brooke Anthony** | Attorney, Shareholder
**Anthony Ostlund Baer & Louwagie P.A.**
90 South 7th Street, Suite 3600 | Minneapolis,
MN 55402
P 612.349.6969 | D 612.492.8214 | F
612.349.6996

**website | bio | my LinkedIn | vCard | map | email**

Assisted by: Geri Wilkie | gwilkie@anthonyostlund.com

This email may contain confidential and/or private
information.
If you received this email in error please delete and
notify sender.

**From:** Norm Pentelovitch
**Sent:** Friday, December 08, 2017 11:00 AM
**To:** 'Michael Sydow' <michael.sydow@thesydowfirm.com>; 'Paul Sortland' <sortland@SORTLAND.COM>
**Cc:** Brooke D. Anthony <BAnthony@anthonyostlund.com>; 'Kilby, Matthew' <Matthew.Kilby@FaegreBD.com>; Perdue,
Staci L. <Staci.Perdue@FaegreBD.com>
**Subject:** Azarax v. WCV, et al.: Discovery correspondence

Counsel,

Attached please find correspondence from Brooke Anthony regarding Plaintiff's November 3, 2017 responses to the SLS
Defendants' First Requests for Admission, First Set of Interrogatories, and Second Requests for Production of
Documents.

Best,

Norm

**Norman H. Pentelovitch** | Attorney, Associate
**Anthony Ostlund Baer & Louwagie P.A.**
90 South 7th Street, Suite 3600 | Minneapolis, MN 55402
P 612.349.6969 | D 612.492.8255 | F 612.349.6996

website | vCard | map | email

Assisted by: Julie M. Blakeley | 612-349-6969 | jblakeley@anthonyostlund.com

This email may contain confidential and/or private information.
If you received this email in error please delete and notify sender.

2

# AnthonyOstlund
## BAER & LOUWAGIE

December 8, 2017

**Brooke D. Anthony**
banthony@anthonyostlund.com

**VIA-EMAIL**
Michael Sydow, Esq.
5020 Montrose Boulevard, Suite 450
Houston, TX 77006
michael.sydow@thesydowfirm.com

Paul Sortland, Esq.
Sortland Law Office
431 South Seventh Street, Suite 2415
Minneapolis, MN 55415
sortland@sortland.com

Re:   *Azarax, Inc. v. Wireless Communications Venture, LLC, et al.*
       Civil Court No.: 16-cv-03228 (JRT/LIB)

Dear Counsel:

I write concerning Plaintiff's answers to Defendants Stinson Leonard Street LLP and William Syverson's (collectively "SLS") Requests for Admission, Interrogatories and Requests for Production, served on October 4, 2017.

More specifically, Plaintiff's answers to Request for Admission No. 1 and Interrogatory No. 1 are not compliant with the Federal Rules of Civil Procedure, and in any event are incomplete and insufficient. Plaintiff's production in response to SLS's Requests for Production is likewise not compliant with the Rules, nor is it in the format requested by SLS or required by the Rules.

**Request for Admission No. 1.**

Request for Admission No. 1 asked Plaintiff to:

> Admit that neither SLS nor Syverson entered into a written agreement
> with Plaintiff, 14 Biz Holdings or Convey Mexico stating, in substance,
> that SLS or Syverson would serve as the attorney for Plaintiff, 14 Biz
> Holdings or Convey Mexico.

Plaintiff answered:

> Plaintiff admits there was no formal retainer/legal representation
> agreement with SLS or Syverson. SLS and Syverson's representation of
> Plaintiff was communicated to Plaintiff verbally via overt actions and
> stated in emails.

Plaintiff's qualified admission is inappropriate. Rule 36 requires that any matter not admitted must be specifically denied or the answering party must "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Plaintiff has not denied the matter but has

Michael Sydow, Esq.
Paul Sortland, Esq.
December 8, 2017
Page 2

qualified its answer and has also asserted facts to confuse the answer such that it is impossible to tell whether Plaintiff admits or denies the request.  Please amend Plaintiff's answer to conform to the requirements of Rule 36 no later than December 15, 2017.

**Interrogatory No. 1**

Interrogatory No. 1 sought:

> To the extent that Your answer to any Request in the Stinson Defendants' First Requests for Admission is anything other than an unqualified "admit," describe in detail the basis for Your qualified answer and identify all documents relevant to that description.

Plaintiff answered:

> SLS and Syverson's representation of Convey Mexico was communicated to Plaintiff and Convey Mexico verbally, via overt actions, and stated in emails.  See attached documents and documents previously provided to Defendants.

Again, Plaintiff's answer is not compliant with the Rules, nor is it a valid response to Interrogatory No. 1.  First, Plaintiff has not identified a single "verbal[]" communication or "overt action" on which its answer to Request for Admission No. 1 relied.  Further, to the extent Plaintiff intended to refer to documents as permitted by Rule 33(d), Plaintiff failed to properly specify the records that must be reviewed.  Instead, Plaintiff referred to an attached set of documents that appear to have been kept in hard copy form – many of which are not emails and none of which bear Bates numbers – and thousands of documents previously produced by Plaintiff.  That is not sufficient to meet the requirements of Rule 33(d).

Moreover, Plaintiff's answer to Interrogatory No. 1 is inconsistent with its answer to Request for Admission No. 1.  In its answer to Request for Admission No. 1, Plaintiff answered that the "representation of *Plaintiff* was communicated to *Plaintiff* verbally, through overt actions, and stated in emails."  Plaintiff's answer to Interrogatory No. 1 indicated that the "representation of *Convey Mexico* was communicated to *Plaintiff and Convey Mexico* verbally, via overt actions and stated in emails."

No later than December 15, please amend Plaintiff's answer to Interrogatory No. 1 to clarify who, specifically, was represented and to specifically identify the "verbal[]" communications, "overt actions" and "emails" through which Plaintiff contends the representation of either Convey Mexico or Plaintiff "was communicated," including without limitation, who was involved in the communication, when it took place, and the substance of the communication. To the extent that Plaintiff intends to invoke Rule 33(d), please amend Plaintiff's answer to provide the specificity required by the Rule.

AnthonyOstlund | **www.anthonyostlund.com**

Michael Sydow, Esq.
Paul Sortland, Esq.
December 8, 2017
Page 3

**Second Set of Requests For Production of Documents No. 1**

Request for Production No. 1 of SLS's Second Set of Requests For Production sought:

> All Documents or Communications referred to, reviewed in connection
> with, or identified in Your answer to Interrogatory No. 1 of the Stinson
> Defendants' First Set of Interrogatories.

Plaintiff responded by producing a stack of non-Bates-numbered documents and directing SLS to the
thousands of documents Plaintiff previously produced. Plaintiff's production does not fairly respond
to the Request, because many of the documents are not "emails" as referenced in Plaintiff's answers to
Request for Admission No. 1 and Interrogatory No 1, and because of the format in which the
documents were produced. The documents were requested and were required to be produced in the
manner in which they are kept. Fed. R. Civ. P. 34(b)(2)(E). Many of these documents are emails and
other electronically stored information that should have been produced as such. As produced, it is
impossible even to tell if they are duplicates or new documents. In addition, it is unclear from
Plaintiff's response whether all documents responsive to this Request have been produced. Please
produce the documents in the correct format and confirm that no additional documents remain to be
produced no later than December 15, 2017.

If Plaintiff is unwilling to amend and supplement its answers to the above-referenced discovery
requests as necessary by December 15, please let me know immediately. If you would like to discuss
these issues, I am generally available for a meet and confer today and early next week.

Very truly yours,

ANTHONY OSTLUND
BAER & LOUWAGIE P.A.

Brooke D. Anthony

BDA/gw

cc:    Matthew Kilby (via email at matthew.kilby@faegrebd.com)
       Staci Perdue (via email at staci.perdue@faegrebd.com)