UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Azarax, Inc.,                                                        No. 16-cv-3228 (JRT/LIB)

      Plaintiff,

v.                                                                          **ORDER**

Wireless Communications Venture LLC, et al.,

      Defendants.

---

This matter came before the undersigned United States Magistrate Judge pursuant to a general referral made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), and upon Defendant Wireless Communications Venture, LLC's Motion to Amend the Pleadings to Add Parties, [Docket No. 78], and Defendants Wireless Communications Venture, LLC; Benton Cooperative Telephone Company; Central Stearns Comsis, Inc.; Albany Mutual Telephone Association; Steve Katka; and Cheryl Scapanski's Motion to Compel the Deposition of Counterclaim Defendant Nicolas Barrera, [Docket No. 90]. On March 6, 2018, the Court took the Motions under advisement upon the parties' written submissions. (Order [Docket No. 108]).

For the reasons set forth below, the Court **GRANTS** Defendant Wireless Communications Venture, LLC's Motion to Amend the Pleadings to Add Parties, [Docket No. 78], and the Court **GRANTS IN PART AND DENIES IN PART** Defendants Wireless Communications Venture, LLC; Benton Cooperative Telephone Company; Central Stearns Comsis, Inc.; Albany Mutual Telephone Association; Steve Katka; and Cheryl Scapanski's Motion to Compel the Deposition of Counterclaim Defendant Nicolas Barrera, [Docket No. 90].

## I.   BACKGROUND AND STATEMENT OF RELEVANT FACTS

The factual background underlying the case presently before the Court is complex and, resolution of the present Motions does not require that it be set forth in detail. Therefore, the following recitation of the factual and procedural background of this action is limited only to those facts and procedural events necessary for decision on the Motions now before the Court.

On April 29, 2016, Plaintiff Azarax, Inc. ("Azarax") filed suit in the United States District Court for the Western District of Texas against Defendants Wireless Communications Venture, LLC ("WCV"); Steve Katka; Cheryl Scapanski; William Syverson; Christian Borrman; Stinson Leonard Street, LLP; Central Stearns Comsis, Inc. d/b/a Albany Mutual Telephone Association; Benton Cooperative Telephone Company; and Central LTE Holdings, LLC.[1] (Compl., [Docket No. 1]). Therein, Azarax alleged that Defendants had failed to comply with their obligations to fund and support Azarax's ongoing ventures in Latin America, and that Defendants had additionally conspired to undermine Azarax's venture into the Latin American market. Azarax brought claims of breach of fiduciary duties, tortious interference with existing and prospective contracts, unfair competition, misappropriation of property and business opportunities, and—only as against Defendants Syverson and Stinson Leonard Street— negligence. (Id.).

On September 23, 2016, per the parties' stipulation, the case was transferred from the United States District Court for the Western District of Texas to the United States District Court for the District of Minnesota. ([Docket Nos. 17 and 18]).

---

[1] Azarax also initially named Antonio Garza as a Defendant, but later voluntarily dismissed all claims against him. (See, [Docket Nos. 1, 15, and 16]).

On December 16, 2016, also per the parties' stipulation, Azarax filed an Amended Complaint, alleging the same causes of action identified in the initial Complaint but increasing the monetary damages sought from $200 million to over $1.5 billion. ([Docket Nos. 30-31]).

On January 31, 2017, Defendants WCV; Katka; Scapanski; Central Stearns Comsis, Inc. d/b/a Albany Mutual Telephone Association; Benton Cooperative Telephone Company; and Central LTE Holdings, LLC filed a joint Answer. (Answer, [Docket No. 33). In that pleading, Defendant WCV also brought counterclaims and third-party claims against Azarax and Nicolas Barrera[2] for fraud, conversion, breach of fiduciary duty, and unjust enrichment, and brought third-party claims against Barrera for promissory estoppel and fraudulent inducement. (Id. at 27-32).

On March 10, 2017, Barrera filed his Answer to the claims against him. [Docket No. 37]. As especially relevant to the Motions presently before the Court, Barrera specifically admitted therein that "this Court has subject matter jurisdiction" and that he "is subject to personal jurisdiction in this Court."[3] (Id. at 2).

The Rule 26(f) Pretrial Conference occurred on May 2, 2017, [Docket No. 44], and on May 4, 2017, the Court issued the Pretrial Scheduling Order. [Docket No. 45]. In relevant part, the Pretrial Scheduling Order stated "[t]hat all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before September 15, 2017."

---

[2] According to the counterclaims, Barrera had "claimed to be an owner of . . . entities that allegedly assigned the interests upon which Plaintiff's claims are based," and Barrera had recruited Defendants' financial contributions for the Latin American ventures purportedly undertaken by Azarax and its predecessors in interest. ([Docket No. 33], 16).

[3] Due to these explicit admissions, the Court does not further address in detail the argument that this Court lacks jurisdiction over Barrera and that it "has no power to issue a subpoena for a non-U.S. citizen for purposes of a deposition." (See, Mem. in Opp., [Docket No. 99], 5). Because Barrera has affirmatively submitted to this Court's jurisdiction, he may not now assert that he is not subject to it. See, e.g., Minn. Mining & Mfg. Co., Inc. v. Nippon Carbide Indust. Co., Inc., 171 F.R.D. 246, 250 (D. Minn. 1997) (quoting Societe Nationale Industriale Aerospatiale v. U.S. Dist. Ct. for S. D. Ia., 482 U.S. 522, 540 n. 25 (1987) and stating that a party "properly within the [personal] jurisdiction of this Court . . . is 'subject to the . . . legal constraints [and] the burdens associated with American judicial procedures'").

(Id. at 3). The close of discovery (fact and expert) was set for June 15, 2018. (Id. at 2).  On March 1, 2018, in accordance with a Stipulation by the parties, [Docket No. 103], the Court extended "all pretrial deadlines by two months except for the deadline for the parties to serve rebuttal expert reports." (Order, [Docket No. 107], 2).

Meanwhile, Defendants attempted to arrange a deposition of Barrera. In an email dated February 8, 2018, counsel for Azarax and Barrera informed counsel for Defendants that Barrera "says he is financially unable to travel to the United States for a deposition. He stated he would voluntarily make himself available for a deposition in Brazil, or would be available to be deposed by telephone." (Kilby Dec., Exh. 3, [Docket No. 93-1], 40-41). Defendants' counsel responded in an email dated February 12, 2018. (Id. at Exh. 4, [Docket No. 93-1], 43-44). The email related the belief that traveling to Brazil to depose Barrera or conducting a telephone deposition of Barrera while he is in Brazil would violate Brazilian law, and Defendants noticed Barrera's deposition for March 14, 2018, in Minneapolis, Minnesota. (Id.).

On February 20, 2018, WCV filed the Motion to Amend the Pleadings to Add Parties, [Docket No. 78], which is presently before the Court. WCV seeks to add Guy Rosbrook and Garry Donoghue as defendants with respect to the claims it has already pled against Azarax and Barrera.[4] (Id.).

---

[4] In the Motion, WCV refers to Rosbrook and Donoghue as "third-party defendants," but in its Memorandum in Support of the Motion, WCV refers to Rosbrook and Donoghue as "counterclaim defendants." (See, e.g., Motion, [Docket No. 78]; Mem. in Supp., [Docket No. 80], 2). In its Proposed Amended Answer and Counterclaim, WCV refers to Rosbrook and Donoghue (and Barrera, for that matter) interchangeably as "counterclaim defendants" and "third-party defendants." (See, Prop. Amend. Ans., [Docket No. 81-1], 16, 19). For its part, Azarax contends that Rosbrook and Donoghue are most properly considered as proposed third-party defendants. (Mem. in Opp., [Docket No. 97], 5). However, Federal Rule of Civil Procedure 14, which governs third-party practice, "allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." Young v. ECTG Ltd., No. 13-cv-3568 (DSD/JJK), 2014 WL 3508941, *2 (D. Minn. July 14, 2014) (emphasis added and citation omitted). In the present Motion, WCV seeks to add Rosbrook and Donoghue as defendants in claims which WCV has already brought against Barrera and which are not derivative of Azarax's claims against WCV.

Also on February 20, 2018, WCV and Defendants Benton Cooperative Telephone Company; Central LTE Holdings LLC; Central Stearns Comsis, Inc.; Katka, and Scapanski (hereinafter, referred to collectively as the "Moving Defendants") filed their joint Motion to Compel the Deposition of Barrera, [Docket No. 90].

On February 23, 2018, Azarax and Barrera[5] filed Memoranda in Opposition to the two Motions presently before the Court. [Dockets No. 97 and 99].

A Hearing on the Motion to Amend the Pleadings, [Docket No. 78], and the Motion to Compel the Deposition of Barrera, [Docket No. 90], was scheduled for March 6, 2018. However, due to inclement weather across the State, the parties and the Court agreed that the Motions Hearing should be cancelled and the Court should take the matter under advisement upon the parties' written submissions. Pursuant to a subsequent request by the parties, the Court allowed the Moving Defendants to file Letters on CM/ECF summarizing the additional points they intended to make at the March 6, 2018, Motions Hearing. (Letters, [Dockets No. 109 and 110]). The Court took the Motion to Amend the Pleadings, [Docket No. 78], and the Motion to Compel the Deposition of Barrera, [Docket No. 90], under advisement on the parties' written submissions as of March 7, 2018.

---

Therefore, contrary to both WCV's characterization and Azarax's argument, Rosbrook and Donoghue are not proper proposed third-party defendants.

[5] The Memorandum in Opposition to the Motion to Compel is entitled "Memorandum of Azarax, Inc. in Opposition to Motion to Compel Deposition of Barrera," [Docket No. 99], yet the standing of Azarax alone to oppose the deposition of Barrera is questionable. However, as noted in this Court's December 21, 2017, Order, "Mr. Sortland is considered to represent Barrera unless and until Barrera obtains independent representation and files an according notice of substitution with the Court." (Order, [Docket No. 62], 3 n.3). Therefore, the Court will construe the Memorandum in Opposition to the present Motion to Compel as filed on behalf of Barrera as well.

## II.   DEFENDANT WIRELESS COMMUNICATIONS VENTURE LLC'S MOTION TO AMEND THE PLEADINGS TO ADD PARTIES, [DOCKET NO. 78]

In its Motion to Amend the Pleadings to Add Parties, [Docket No. 78], WCV seeks an Order allowing it to file an Amended Answer and Counterclaim and add Guy Rosbrook and Garry Donoghue as Defendants with respect to the claims it has already brought against Barrera and Azarax. Barrera and Azarax oppose the Motion. (Mem. in Opp., [Docket No. 97]).

### A.  Standard of Review

"Rule 16(b)(4) of the Federal Rules of Civil Procedure requires a showing of good cause to amend [a pleading] outside the court's scheduling order." Harris v. FedEx Natl. LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014). "'The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements.'" Id. The decision whether to allow untimely amendment of pleadings rests within the sound discretion of the Court. See, Kmak v. Am. Century Cos., Inc., 873 F.3d 1030, 1034 (8th Cir. 2017). Only if a party shows the requisite good cause to amend its pleading after the expiration of the deadline to do so as set forth in the scheduling order does the Court move on to consideration of the proposed amendment itself.

"'In order to amend a complaint to add additional parties . . . a movant . . . [must] demonstrate compliance with either Rule 19 or Rule 20, the procedural rules pertaining to joinder of parties.'" Ikeri v. Sallie Mae, Inc., No. 13-cv-1943 (DSD/JSM), 2014 WL 12599634, *8 (D. Minn. Feb. 5, 2014) (citations omitted). Whether to allow permissive joinder of additional parties is also a decision within the discretion of the Court. See, United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC, 855 F.3d 949, 956 (8th Cir. 2017) (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974) ("reviewing the decision to allow

parties to join litigation for abuse of discretion")). Federal Rule of Civil Procedure 20(a) governs

permissive joinder of parties,[6] and states, in relevant part:

> **(2) *Defendants*.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly severally, or in the
> alternative with respect to or arising out of the same transaction, occurrence,
> or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the
> action.

To decide whether to allow joinder of parties, the Court assesses whether claims are reasonably

related on a case by case basis. See, Karasov v. Caplan Law Firm, P.A., 84 F. Supp. 3d 886, 915

(D. Minn. 2015).

### B. Analysis

WCV candidly admits that its present Motion to Amend was filed after the September

2017, deadline to do so set forth in the Pretrial Scheduling Order. (Mem. in Supp., [Docket No.

80], 2). However, WCV asserts that there is good cause for the delay because discovery delays

by Azarax and Barrera resulted in WCV not receiving the information that caused it to seek to

add Donoghue and Rosbrook as defendants herein until after the September 2017, deadline to

move to amend the pleadings. (Id. at 9-12). With respect to the untimeliness of the present

Motion and WCV's diligence in moving to amend, Azarax argues that it has **not** delayed

discovery and, specifically with respect to Rosbrook, Azarax argues that WCV knew of the

potential claims against Rosbrook "at the outset of this action," so there is not good cause for the

delay in seeking to add Rosbrook as a defendant. (Mem. in Opp., [Docket No. 97], 3-4, 7-10).

The Court is well-acquainted with the discovery disputes in the present case. As set forth

in detail in this Court's December 21, 2017, Order, WCV served Azarax and Barrera with its

First Set of Document Requests on May 5, 2017; Azarax made its initial production of

---

[6] Mandatory joinder of additional parties, which WCV does not argue is required here, is governed by Federal Rule
of Civil Procedure 19.

documents on August 18, 2017, and it represented that supplemental production would occur by August 31, 2017. (Order, [Docket No. 62], 3). However, Azarax did not make its second production of documents until October 12, 2017. (Id. at 5). This is well after the September 15, 2017, deadline in the Pretrial Scheduling Order, [Docket No. 45], for the filing and completion of any Hearing on a motion to add parties.

Similarly, on October 14, 2017, when WCV inquired into the timing of certain expected supplementation of Azarax's Interrogatory Responses, "Azarax's counsel simply re-sent Azarax's Interrogatory Responses from October 5, 2017, which the WCV Defendants had already challenged as deficient." (Order, [Docket No. 62], 6). WCV ultimately brought a Motion to Compel the discovery before this Court, to which Azarax and Barrera did not timely respond. (Id.). Among other things, the Court held that "the record currently before the Court reflects plainly that Barrera has completely failed to answer the WCV Defendants' First Set of Interrogatories." (Id. at 10). In addition, the Court found that Azarax's Responses to several of the WCV Defendants' Interrogatories were insufficient and not fully responsive, and the Court ordered Azarax to produce Supplemental Responses. (Id. at 10-23).

WCV asserts that the admitted untimeliness of its present Motion to Amend to Add Parties is because it did not discover Rosbrook and Donoghue's involvement in the facts underlying WCV's claims against Azarax and Barrera until after the October discovery production by Azarax and Barrera. (Mem. in Supp., [Docket No. 9-12). WCV further contends that it then wished to confirm its suspicions through depositions of Rosbrook and Barrera, and it diligently filed the present Motion upon its realization that those depositions would not occur promptly. (Id. at 9).

8

A thorough review of the record before the Court demonstrates that there is good cause for the untimeliness of the present Motion to Amend. As WCV contends, the untimeliness of the Motion was caused in large part by delays in discovery production on the parts of Azarax and Barrera, not through any lack of diligence or other dilatory motive on the part of WCV. Therefore, the Court will address the merits of the Motion.

As already set forth above, in order to amend its claims to add additional defendants, WCV must "'demonstrate compliance with either Rule 19 or Rule 20, the procedural rules pertaining to joinder of parties.'" See, Ikeri, 2014 WL 12599634, at *8. Rule 20(a)(2) allows persons to be joined as defendants to an action if:

> **(A)** any right to relief is asserted against them jointly severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

"'The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" Mallak v. Aitkin County, No. 13-cv-2119 (DWF/LIB), 2015 WL 2250494, *7 (D. Minn. March 4, 2015) (citations omitted). "'Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.' 'Rule 20 permits all "reasonably related" claims against different parties "to be tried in a single proceeding."'" Id. (citations omitted). "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. No hard and fast rules have been established under the rule." Mosley, 497 F.2d at 1333.

The record currently before the Court establishes that the requirements for permissive joinder under Rule 20 are satisfied. First, the proposed Amended Answer and Counterclaim, asserts proposed claims against Rosbrook and Donoghue "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" as the claims already pled against Barrera and Azarax. (See, [Docket No. 81-1], 81-88). In large part, the majority of the changes proposed by WCV to its Counterclaims are the mere addition of Donoghue and Rosbrook's names to allegations and claims already brought against Azarax and/or Barrera. (See, Id., at 60-88). Thus, the first requirement of Rule 20(a)(2) is met. In addition, there is a "question of law or fact common to all defendants [which] will arise in the action," as required by Rule 20(a)(2)(B). The proposed claims against Rosbrook and Donoghue, and the existing claims against Azarax and Barrera, all involve the same facts related to the investments in respective companies. Thus, the second factor required by Rule 20(a)(2) for permissive joinder also exists in the present case.

Here, the amendments do not involve new theories of recovery, they are not based on entirely new factual allegations previously unknown to the parties, and they should not impose additional significant discovery requirements. Moreover, discovery is not set to terminate until August 15, 2018. (See, Pretrial Scheduling Order, [Docket No. 45], 2; Order, [Docket No. 107], 2). Finally, joining Rosbrook and Donoghue to the present lawsuit would be efficient and aid in the resolution of the disputes at the core of this litigation. "The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." Mosley, 497 F.2d at 1332.

Accordingly, for the reasons already stated above, on the record currently before the Court, the requirements of Rule 20 for permissive joinder are met.

However, in the interest of thoroughness, the Court will address the remaining arguments by Azarax. First, Azarax contends that the addition of Rosbrook and Donoghue would be "more in line with the rules regarding third party practice," which "requires service of a summons and complaint" and requires the moving party to obtain the Court's leave if it seeks to file a third-party complaint more than 14 days after service of the original Answer. (Mem. in Opp., [Docket No. 97], 4-5). This argument is unpersuasive, because Federal Rule of Civil Procedure 14, which governs third-party practice,

> allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.

Young v. ECTG Ltd., No. 13-cv-3568 (DSD/JJK), 2014 WL 3508941, *2 (D. Minn. July 14, 2014) (emphasis added and citation omitted). In the present Motion, WCV seeks to add Rosbrook and Donoghue as defendants in claims which WCV has already brought against Barrera and which are not derivative of Azarax's claims against WCV. Although the Court agrees that the posture of this case is complicated procedurally speaking, Barrera did not challenge the procedural posture of the claims brought against him, and in fact, he affirmatively submitted to the jurisdiction of this Court. Accordingly, the claims against him have proceeded and WCV seeks through the present Motion to Amend to Add Parties, [Docket No. 78], to add Rosbrook and Donoghue as defendants with respect to those already established claims. Therefore, the Court concludes the present Motion is governed by Rules 19 and 20, not Rule 14.

Azarax also contends that WCV's ability to effect service upon Donoghue is uncertain and "is likely to be a challenge," as Donoghue resides in Ecuador, which is not a party to the Hague Convention. (Mem. in Opp., [Docket No. 97], 5, 11-12). However, Azarax cites no legal authority for the implied assertion that the future potential for difficulty effecting service is a basis on which this Court may deny a motion to amend to add an individual as a party to an existing action. This Court knows of no such legal authority. See, Watwood v. Barber, 70 F.R.D. 1, 3 (N.D. Ga. 1975) (granting motion to amend to add defendants, acknowledging previous difficulty with service of those defendants, and ordering plaintiff "to proceed immediately and diligently to see that service of process is effected"). WCV will bear the usual burden of effecting service and establishing personal jurisdiction over Donoghue and Rosbrook.

The Federal Rules of Civil Procedure require a plaintiff to demonstrate proof of service "within 90 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Accordingly, it is hereby ordered that within thirty (30) days after the date of the present Order, WCV shall provide proof of service of its Amended Answer and Counterclaims upon Donoghue and Rosbrook or demonstrate good cause for an extension of time to so serve Donoghue and Rosbrook.

Azarax further takes issue with the factual validity of the allegations and the legal sufficiency of the proposed claims against Rosbrook and Donoghue.[7] (Mem. in Opp., [Docket

---

[7] A party may successfully challenge a motion to amend as futile if the amended claim "'would not withstand a [m]otion to [d]ismiss for failure to state a claim upon which relief can be granted." Streambend Props. III, LLC v. Sexton Lofts, LLC, 297 F.R.D. 349, 357 (D. Minn. 2014) (citations omitted). If Azarax had argued futility, the Court would address that argument herein. See, Ikeri, 2014 WL 12599634, at *8-9. In the context of its Opposition to the present Motion, however, Azarax merely asserts that the proposed legal claims against Rosbrook and Donoghue will ultimately fail on their merits because the proposed defendants' actions were not wrongful. (See, Mem. in Opp., [Docket No. 97], 5-6, 10-11). Therefore, the Court does not undertake the more extensive futility analysis herein. See, Halsney v. Anera Health, No. 12-cv-2409 (SRN/JJG), 2013 WL 3088588, * (D. Minn. June 18,

No. 97], 6, 11-12). Again, however, the factual validity or the weight of the evidence to support those factual allegations against Rosbrook is not at issue in the context of the present Motion. See, Arcaro v. City of Anoka, No. 13-cv-2772 (JNE/LIB), 2014 WL 12605451, *3 (D. Minn. July 15, 2017) (finding no error in the Magistrate Judge's decision to "permit the amendment [to the complaint] and allow the merits of the claim to be tested by way of a" subsequent dispositive motion before the district judge).

Finally, Azarax argues that the addition of Rosbrook and Donoghue "would cause substantial delay and confusion" because it would require the parties to obtain new counsel to represent their individual interests and it would cause conflicts of interest between the parties. (Mem. in Opp., [Docket No. 97], 6-7). This argument by Azarax, however, relates only in the most general terms to a possible conflict of interest between Azarax and Barrera, who are both already parties to this case. Azarax fails to specifically articulate how the addition of Rosbrook and Donoghue as parties to this case would actually affect a conflict of interest between Azarax and Barrera. In addition, if such a conflict were to actually arise, the relatively short period of time generally required to obtain counsel does not by itself cause the Court substantial concern about any undue protraction of these proceedings caused by adding Donoghue and Rosbrook as parties.

Accordingly, for the reasons stated above, WCV's Motion to Amend to Add Parties, [Docket No. 78], is **GRANTED**.

---

2013) (finding no error where the Magistrate Judge "declined to consider [a] futility argument [brought in opposition to a motion to amend] because the parties had not fully briefed and argued the issue").

## III.    MOTION TO COMPEL THE DEPOSITION OF THIRD-PARTY DEFENDANT NICOLAS BARRERA, [DOCKET NO. 90]

The Moving Defendants seek an Order compelling Barrera to appear for a deposition in Minneapolis, Minnesota on March 14, 2018, at 9:00 a.m. (Motion to Compel, [Docket No. 90], 1-2). The Court notes that the present Motion to Compel is not premature, despite the fact that the Motion was brought prior to the date set for the deposition at issue. See, M&I Marshall & Illsley Bank v. Covenant Real Estate Servs., Inc., No. 09-cv-2038 (PJS/AJB), 2010 WL 11534599, *5 (D. Minn. May 10, 2010) ("A motion to compel is not premature if a party has indicated prior to the discovery deadline that they do not intend to comply with discovery.").

### A.  Standard of Review

"A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). However, if the deponent is a party, a notice of deposition acts to compel his or her attendance, and no subpoena is required. See, Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1158 (9th Cir. 2010) ("If a person is a party, a simple notice of deposition is sufficient to compel attendance."); Estate of Levingston v. Cty. of Kern, 320 F.R.D. 520, 524 (E.D. Cal. 2017) ("'Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition'" (quoting U.S. v. Afram Lines (USA), Ltd., 159 F.R.D. 408, 314 (S.D. N.Y. 1994)); Blackwell v. Houser, No. 5:16-cv-67-FDW, 2017 WL 392184, *2 (W.D. N.C. Jan. 27, 2017) (quoting Jules Jordan Video, Inc., 617 F.3d at 1158)).

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts generally have construed Rule 26(b)(1) broadly. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); see also, Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) (Rule 26 "is liberal in scope and interpretation, extending to those matters which are relevant").

"[T]he Court has 'great discretion in designating the location of taking a deposition,' taking into account the facts and equities of each case." Vickery v. Fin. Recovery Servs., Inc., No. 10-cv-516 (MJD/JSM), 2010 WL 11565927, *1 (D. Minn. Nov. 10, 2010) (quoting Archer Daniels Midland Co. v. Aon Risk Servs., Inc., 187 F.R.D. 578 (D. Minn. 1999)).

### B.  Analysis

Defendants Wireless Communications Venture, LLC; Benton Cooperative Telephone Company; Central Stearns Comsis, Inc.; Albany Mutual Telephone Association; Steve Katka; and Cheryl Scapanski's (hereinafter collectively referred to as "the Moving Defendants") argue that this Court should order Barrera to appear for the noticed deposition in Minneapolis, Minnesota, because Brazil is "particularly hostile" to Americans deposing witnesses in Brazil. (Mem. in Supp., [Docket No. 92], 5). According to the website for the United States Department of State – Bureau of Consular Affairs:

> Brazil is not a party to the  Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters. The United States is not a party to the evidence provisions of the Inter-American Convention on Letters Rogatory and Additional Protocol. Brazilian authorities do not permit persons, such as American attorneys, to take depositions for use in a court in the United States before a U.S. consular officer, with the assistance of a Brazilian attorney, or in any other manner. Brazilian law views the taking of depositions for use in foreign courts as an act that may be undertaken in Brazil only by Brazilian judicial authorities. The Government of Brazil asserts that, under Brazilian Constitutional

Law, only Brazilian judicial authorities are competent to perform acts of a judicial nature in Brazil. Brazil has advised it would deem taking depositions in Brazil by foreign persons to be a violation of Brazil's judicial sovereignty. Such action potentially could result in the arrest, detention, expulsion, or deportation of the American attorney or other American participants. The United States recognizes the right of judicial sovereignty of foreign governments based on customary international law and practice. It is the State Department's understanding that the Brazilian prohibition on taking depositions by foreign persons extends to telephone or video teleconference depositions initiated from the United States of a witness in Brazil. The U.S. Embassy or Consulates in Brazil could in no way participate in, or otherwise sanction, such a proceeding.

See, https://travel.state.gov/content/travel/en/legal/Judcial-Assistance-Country-Information/Brazil.html (last accessed March 2, 2018).

Essentially, the Moving Defendants contend that because they may not travel to Brazil to depose Barrera without risking severe consequences, including arrest, this Court should order Barrera to appear for his deposition in the United States. (Mem. in Supp., [Docket No. 92]. 5-7). In support, the Moving Defendants cite to Schindler Elevator Corp. v. Otis Elevator Corp., 657 F. Supp. 2d 525, 529 (D. N.J. 2009)[8], which purports to collect cases ordering that the "depositions of foreign parties occur in the United States in accordance with the Federal Rules."

Two of the cases cited in Schindler Elevator Corp. provide guidance.[9] In In re Honda American Motor Co., Inc. Dealership Relations Litigation, 168 F.R.D. 535 (D. Md. 1996), the

---

[8] The Court notes that neither party provided the Court with case law that is both directly on point and issued from a Federal Court within the Eighth Circuit.

[9] Some of the collected cases did not, in fact, order the deposition of a foreign party to occur in the United States. See, Calixto v. Watson Bowman Acme Corp., No. 07-60077, 2008 WL 4489679, *4 (S.D. Fla. Sept. 29, 2008) (ordering the deposition of a Swiss resident to occur in "London, England, or a location otherwise convenient for" the deponent); Int'l Ins. Co. v. Caja Nacional De Ahorro Y Seguro, No. 00 C 6703, 2004 WL 555618, * (N.D. Ill. March 18, 2004) (deposition in question was anticipated to take place in Argentina, and the location of the deposition was not at issue).

Other cases cited in Schindler Elevator Corp. do not directly address a United States Federal District Court's authority to compel an individual who is neither a resident nor a citizen of the United States to travel to the United States at his or her own expense to appear for a deposition. See, Triple Crown Am., Inc. v. Biosynth AG, No. CIV.A. 96-7476, 1998 WL 227886 (E.D. Pa. April 30, 1998) (ordering depositions of agents or representatives of Swiss corporation defendant under Federal Rule of Civil Procedure 30(b)(6) to take place in the United States but ordering the party seeking the depositions to reimburse the corporation for reasonable travel and lodging expenses); Ward-THG, Inc. v. Swiss Reinsurance Co., No. 96-8100, 1997 WL 83294 (S.D.N.Y. Feb. 27, 1997) (lifting a previously imposed stay of deposition discovery and noting that the plaintiffs had proposed depositions of Swiss

United States District Court for the District of Maryland found that concerns of international comity were not implicated by ordering Japanese nationals to appear for depositions in the United States, nor would such an order infringe upon Japanese judicial sovereignty. The court also noted that the Japanese nationals in question were "not occasional visitors to the United States. They have conducted extensive business in the United States for a number of years, availing themselves of the laws and protections afforded American citizens." Id. at 539.

Similarly, in Work v. Bier, 106 F.R.D. 45, 52 (D. D.C. 1985), the United States District Court for the District of Columbia held "that a foreign national who is a party can be required to appear here in the United States for deposition." In so holding, the Work Court specifically quoted its prior observation that:

> Nowhere in [the Federal Rules of Civil Procedure] is there the slightest suggestion that a party properly before the Court may not avail itself of [its] discovery rights . . . against another party within the jurisdiction of the Court merely because the documents sought or the persons to be deposed are not located in the United States. Indeed, the Rules clearly contemplate their applicability abroad if the United States Court has jurisdiction.

Id. at 52 (quoting Laker Airways, Ltd. v. Pan American World Airways, 103 F.R.D. 42, 48 (D. D.C. 1984)). Ultimately, the Work Court ordered the German defendants in that case to appear for oral depositions in the United States. 106 F.R.D. at 56.

The Moving Defendants also note that due to the specifics of Brazilian law on depositions by foreigners which take place in Brazil, other United States District Courts have ordered Brazilian residents to appear for oral deposition in the United States. (Mem. in Supp.,

---

deponents which would take place in the United States at the plaintiffs' expense); M & C Corp. v. Erwin Behr GmbH & Co., KG, 165 F.R.D. 65 (E.D. Mich. 1996) (ordering deposition of German corporation defendant in the United States but specifically noting that the defendant had conceded to depositions in Detroit if scheduled "at a time when representatives of [the corporation] would otherwise be present in Michigan on other business" and also noting the difference in the case before it—an action to enforce an arbitration award—and the usual case "in which a plaintiff seeks to depose or require document production from a distant corporation **before** trial" (emphasis in original)); Roberts v. Heim, 130 F.R.D. 430 (N.D. Cal. 1990) (ordering Swiss citizen and resident to submit to deposition in the United States, but the only opposition discussed—and rejected—by the United States District Court was the proposed deponent's assertion that doing so would violate Swiss law).

[Docket No. 92], 5-6). However, the cases upon which the moving Defendants rely are of limited persuasive weight. Synthes (U.S.A.) v. G.M. dos Reis Jr. Ind. Com. De Equip. Medico, No. 07-CV-309-L9AJB), 2008 WL 81111 (S.D. Cal. Jan. 8, 2008), focused almost exclusively on whether Brazilian discovery rules or the Federal Rules of Civil Procedure's discovery rules should apply to discovery sought from a Brazilian corporation. The location of desired depositions was addressed only summarily at the end of the Order, thusly:  "Because Brazilian law subjects foreign attorneys who conduct depositions of Brazilian nationals in Brazil to potential arrest, detention, expulsion or deportation, any depositions of Brazilian nationals in this case are to be conducted in the United States." Id. at *7. Similarly, Bigpayout, LLC v. Mantex Enterprises, Ltd., No. 2:12-CV-1183-RJS-BCW, 2015 WL 5970855, *1-2 (D. Utah Oct. 13, 2015), discussed very briefly the restraints on foreign depositions in Brazil and then concluded "that good cause exists to require [the Brazilian resident and sole owner of the defendant corporation] to attend his deposition in the United States at Plaintiff's expense." Id. at *2. The only further explanation is the California Federal Court's "find[ing] that the restraints contained in Brazilian law present 'unusual and exceptional circumstances' that warrant the Court to compel [the Brazilian resident] to travel to the United States for his deposition." Id.

However, Fausto v. Credigy Services Corp., 251 F.R.D. 427, 428 (N.D. Cal. 2008), which the Moving Defendants also cite, is much more directly on-point. In that case, American plaintiffs sought to depose—in the United States—four individual defendants who resided in Brazil and were employees of the Brazilian corporate defendant in that case. The United States District Court for the Northern District of California noted that generally speaking, "'the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order,'" but "'[t]here is a general presumption that the

18

deposition of a defendant should be conducted in the district of his residence [because] . . . [t]he defendants . . . are not before the court by choice.'" Id. at 429 (citations omitted). Nevertheless, the Fausto Court noted its own wide discretion to determine the time and location of depositions. Id. at 429. Noting specifically that "it apparently is illegal for American lawyers to take depositions in Brazil and they do so at risk of imprisonment" and that the Brazilian corporate defendant "regularly hosts Brazilian employees in Atlanta," the Court determined that "[p]rovided that the four named defendants . . . are located and are able to obtain visas for international travel, the Court orders that they be deposed in Atlanta, Georgia." Id. at 431. The sound reasoning in Fausto lends support to the Moving Defendants' arguments in the Motion presently before the Court.

In opposition to the present Motion to Compel, Barrera makes 4 general arguments: (1) the Court lacks jurisdiction over him; (2) he is no longer an officer or director of Azarax, Inc.; (3) he has no contractual obligation to testify in this case, and (4) requiring him to submit to a deposition in Minnesota would impose a severe financial hardship upon him and place his employment at risk. (Mem. in Opp., [Docket No. 99], 4-8).

With respect to the first argument, it fails because, as already noted above, Barrera admitted in his Answer that this Court has subject matter and personal jurisdiction over him. See, infra, p.2 & fn. 3.

With respect to the second argument, despite Barrera's assertion that the Moving Defendant's "primary reason" for wishing to depose Barrera "is by virtue of his position as an officer and director of Azarax, Inc.," the citation he provides to support that assertion fails him. In any event, Barrera is a party to the present case and thus, other parties' right to depose him does not depend on his status as an officer or director of the corporate party. See, in contrast,

<u>Carlson v. Wagonlit Travel, Inc. v. Invensys PLC</u>, No. 1-cv-2337 (JRT/FLN), 2003 WL 21010961, *2 (D. Minn. March 8, 2003) ("Notice under Rule 30(b)(1) of the Federal Rules of Civil Procedure is sufficient to depose a corporate employee who is an officer, director, managing agent, or Rule 30(b)(6) designee.").

As to Barrera's third argument, the lack of a contractual obligation to testify in this case is similarly irrelevant. He is subject to deposition as a party to the present litigation, not due to any contractual obligation.

Barrera's fourth argument—that appearing for deposition in Minnesota would cause financial hardship and possibly cause him to lose his job—warrants more consideration. Unlike the foreign parties in <u>In re Honda American Motor Co., Inc. Dealership Relations Litigation</u> and <u>Fausto</u>, there is nothing currently before the Court that demonstrates that Barrera continues to visit the United States. The Moving Defendants assert only that Barrera "<u>previously</u> traveled to the United States in connection with the very facts at issue" in this litigation. (Mem. in Supp., [Docket No. 92], 6 (emphasis added)).

For his part, Barrera has submitted a Declaration informing the Court that he has no liquid monetary assets and he does not—and will not in the foreseeable future—have the funds to travel to Minneapolis, Minnesota. (Barrera Dec., [Docket No. 100], 3). Barrera additionally states that taking the estimated 5 days of leave from his employment that would be required to attend a deposition in Minnesota would place his employment at risk. (<u>Id.</u>at 4). In support, Barrera has attached a breakdown of his monthly income and expenses, and a letter from his employer stating that it "could only release [Barrera from work] for 2 (two) days." (<u>Id.</u> at 6, 8).

Unlike the American plaintiffs in <u>Bigpayout, LLC</u>, the Moving Defendants in the present litigation have not—to the Court's knowledge—offered to reimburse or otherwise cover any of

the costs for Barrera to come to Minnesota for the noticed deposition. In addition, Barrera has represented to the Court that he is willing "to travel to Bogota, Columbia to sit for his deposition for the amount of time requested by the Defendants." (Mem. in Opp., [Docket No. 99], 2). He further represents that the Moving Defendants have refused this proposal. (Id.).

After thoroughly reviewing the submissions of the Moving Defendants and Barerra, the Court finds that a compromise will best serve the interests of all involved and the interests of justice.

Accordingly, the Moving Defendants' Motion to Compel the Deposition of Barrera, [Docket No. 90], is **granted in part and denied in part**. The Moving Defendants and Barrera are ordered to arrange an agreeable time for Barrera to appear and sit for a single-day, 7-hour deposition in Florida within twenty-one (21) days of the date of this Order. The Moving Defendants shall arrange and bear the expense of an appropriate location in Florida for the deposition, and the Moving Defendants shall pay for travel and lodging expenses[10] incurred by Barerra as a result of the deposition, but Barerra shall bear his own legal expenses related to the deposition.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED:**

1. That Defendant Wireless Communications Venture, LLC's Motion to Amend the Pleadings to Add Parties, [Docket No. 78], is **GRANTED**, as set forth above;

2. Within thirty (30) days after the date of the present Order, Defendant Wireless Communications Venture shall provide proof of service of its Amended Answer and

---

[10] The Court notes that this includes only reasonably priced, coach-class airfare travel to Florida, travel within Florida as required to attend the deposition, and reasonably priced accommodations as needed to attend the deposition ordered herein.

Counterclaims upon Donoghue and Rosbrook or demonstrate good cause for an extension of time to so serve Donoghue and Rosbrook.

3.  That Defendants Wireless Communications Venture, LLC; Benton Cooperative Telephone Company; Central Stearns Comsis, Inc.; Albany Mutual Telephone Association; Steve Katka; and Cheryl Scapanski's Motion to Compel the Deposition of Nicolas Barrera, [Docket No. 90], is **GRANTED IN PART AND DENIED IN PART**, as set forth above.

Dated: April 13, 2018

s/ Leo I. Brisbois
Leo I. Brisbois
U.S. Magistrate Judge
